IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MONIQUE DOSS, ET AL.**                                                                           **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO. 4:09CV00076-DAS**

**NPC INTERNATIONAL, INC.,**
**Doing Business As Pizza Hut**                                                          **DEFENDANT**

## **ORDER**

Before the court is the defendant's motion to stay state court proceedings (# 22). The court has considered the submissions of the parties, the record of this case, and the applicable law and finds the motion should be denied.

Following removal of this case to this court, the plaintiffs herein filed two separate yet nearly identical lawsuits in state court. The state court matters remain pending. In a September 22, 2009 Order, this court determined that it possesses jurisdiction over this case and denied the plaintiff's motion to remand. The defendant now contends that pursuant to 28 U.S.C. 2283, this court has the authority to stay the two state court matters in order to "aid" the court's jurisdiction and to "protect or effectuate its judgment."

The Anti-Injunction Act, 28 U.S.C. 2283, prohibits federal courts from staying state court proceedings in all but three situations: 1) to protect the court's jurisdiction, 2) to protect or effectuate a judgment of the court, or 3) where a jurisdictional statute expressly authorizes injunctions. Courts in this circuit adhere to the policy that any question as to the propriety of issuance of an injunction should be resolved in favor of permitting the state court action to

proceed. *See Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment Inc*, 434 F.3d 320, 324 (5th Cir. 2005).

The defendant admits that 28 U.S.C. 1332 does not expressly authorize this court to stay state court proceedings, so the court need only address the remaining two exceptions noted above. With respect to the first exception, "courts have interpreted the language narrowly, finding a threat to jurisdiction only where a state proceeding threatens to dispose of property that forms the basis for federal in rem jurisdiction" or "threatens the continuing superintendence by a federal court, such as in a school desegregation case." *See State of Texas v. United States*, 837 F.2d 184, 186 n.4 (5th Cir. 1988) (citations omitted). However, "[i]n no event may the 'aid of jurisdiction' exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision." *Id*. (citation omitted). Because the defendant has failed to show that either of the two situations described in *State of Texas, supra*, are present in this case, the court finds the first exception to the Anti-Injunction Act does not apply.

The second exception to the Act is also known as the "relitigation" exception. This exception is designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. *See Harvey Specialty & Supply*, 434 F.3d at 323; *Duffy & McGovern Accommodation Services v. OCI Marine Offshore, Inc.*, 448 F.3d 825 (5th Cir. 2006). "It is founded in the well-recognized concepts of *res judicata* and collateral estoppel." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). "Finality is an essential component of the concepts of both *res judicata* and collateral estoppel." *J.R. Clearwater Inc. v. Ashland Chemical Co.*, 93 F.3d 176, 179 (5th Cir. 1996). "An order that 'is

not a final judgment, and therefore is not appealable as a matter of right . . . lacks sufficient finality to be entitled to preclusive effect' under the relitigation exception." *Harvey Specialty & Supply*, 434 F.3d at 323 (quoting *J.R. Clearwater Inc.*, *supra*, at 179).

In this case, the decision at issue is this court's Order denying the plaintiff's motion to remand. "An order denying a motion to remand, 'standing alone,' is '[o]bviously . . . not final and [immediately] appealable' as of right." *Caterpiller Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (quoting *Chicago R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578 (1954). Therefore, because the ruling at issue is not a final judgment, the court finds the relitigation exception does not apply. *See Harvey Specialty, supra*, at 323-24.

Therefore, because the defendant has failed to show that any exception to the Anti-Injunction Act applies in this case, its motion is hereby **DENIED**.

**SO ORDERED** this 17th day of December, 2009.

/s/ David A. Sanders  
U. S. MAGISTRATE JUDGE